# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD, | No. 2:21-CV-1015-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SAETEURN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the court is Plaintiff's motion for leave to proceed in forma pauperis. ECF No. 5. The undersigned United States Magistrate Judge recommends that Plaintiff's motion be denied.

## I. LEGAL STANDARD

Parties bringing a civil action in district court must pay a filing fee of $350. 28 U.S.C. § 1914(a). The Court may grant a party permission to proceed in forma pauperis upon submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). Proceeding "in forma pauperis is a privilege not a right." Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015). Nevertheless, if a plaintiff has the ability to pay court costs without depriving themselves and their dependents (if any) of life's necessities, then the plaintiff must be

required to pay those costs. Williams v. Latins, 877 F.2d 65, at *1 (9th Cir. 1989) (citation omitted); Andres v. Carmona, No. 1:19-cv-00744-DAD-JLT (PC), 2019 WL 4920957, at *1 (E.D. Cal. July 11, 2019); see Rowland v. Cal. Men's Colony, 506 U.S. 194, 203 (1993); Escobedo, 787 F.3d at 1234. A plaintiff must make a showing of more than mere hardship. Andres, 2019 WL 4920957, at *1; Nastrom v. New Century Mortg. Corp., No. 1:11-cv-1998 LJO DLB, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) The determination as to whether a plaintiff is entitled to in forma pauperis status is committed to the Court's sound discretion. Smart, 347 F.2d at 116; see Demos v. Holbrook, 848 F. App'x 779, 779 (9th Cir. 2021); Andres, 2019 WL 4920957, at *1.

## II. DISCUSSION

Plaintiff has not made the showing required by 28 U.S.C. § 1915(a). Plaintiff's prison trust account statement, submitted alongside his motion to proceed in forma pauperis, indicates that he currently has $3,822.39 in his account. ECF No. 5 at 2, 4. Although Plaintiff indicates that he is not employed in prison, his motion also indicates that he does not have any dependents for whom he must provide.[1] See id. at 1–2. His trust account indicates frequent receipt of gifts and family help in the form of money deposited to his account. Id. at 4–5. The Trust Office of the California Department of Corrections and Rehabilitation certified that the average balance of Plaintiff's account over the past six months was $4,057.56, and that Plaintiff received an average monthly deposit of $288 into his account. Id. at 2. There is, furthermore, no indication that Plaintiff's funds are unavailable to him or that paying the required $350 filing fee would render the necessities of daily life unavailable to him. Plaintiff's declaration fails to demonstrate that he is unable to pay the required filing fees. Circumstances warranting a grant of in forma pauperis status do not presently exist.

## III. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) be denied without prejudice to renewal upon a change of circumstances. Plaintiff should be required to pay the filing fees in full before this action may proceed.

---

[1] More accurately, in the space provided to list dependents, Plaintiff has not written anything. ECF No. 5 at 2.

1     These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after
3 being served with these findings and recommendations, any party may file written objections with
4 the court. Responses to objections shall be filed within 14 days after service of objections. Failure
5 to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951
6 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE